UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:                              )
                                    )
ANN L. KING,                        )    Case No. 12-11304
                                    )         Chapter 7
        Debtor                      )

### TRUSTEE'S MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS

Michael S. Haenn, Chapter 7 Trustee for this case, moves this Court for an Order and for this Court's authority to sell property of the estate free and clear of all liens, claims, interests, pursuant to 11 U.S.C. § 363(b), Fed.R.Bankr.P. 6004(c), and D.Me.LBR 6004-1. In support of this Motion the Trustee states as follows:

1. The property to be sold consists of the Debtor's interest in real estate located generally at 575 Bunker Hill Road in Warren, Maine, and more particularly described in a deed of Mark P. Colson et al. to Alton W. Lewis and Ann Lewis (n/k/a Ann L. King) dated October 4, 1989 and recorded in the Knox Registry of Deeds in Vol. 1383, Page 168 ("the Property").

2. The Property and the interest of the co-owner, Alton Lewis, will be sold to Danielle Fogarty, of 18 State Street, Rockland, Maine 04841, for $70,000.00 in cash, payable upon delivery of the executed deed of conveyance by the Trustee and a deed executed by Mr. Lewis. Mr. Lewis has joined in the agreement to sell the real estate to Ms. Fogarty.

3. The Trustee requests that the sale of the Property be free and clear of all liens, claims, and interests, with all such liens, claims, and interests attaching to the net sale proceeds in the same order of priority as any may now have against the Property.[1] The Trustee is not aware of any valid liens, claims or encumbrances against the Property other than the mortgage lien described in paragraph (4). See also Schedule D filed by the Debtor.

4. The Property is alleged to be subject to a mortgage lien granted to Green Tree Servicing with a loan balance of approximately $3,700.00.

5. The Property is believed to have a tax assessed value of $72,000.00.

---

[1] Such liens, claims, and interests shall remain subject to all the Trustee's rights, remedies, claims, defenses, offsets, demands, causes of action, and objections.

1

  6. The net proceeds from the sale of the Property, after accounting for all costs of sale and including the commission due to the real estate broker who was engaged with the authority of this Court, will be disbursed as follows:

  (A) to Green Tree Servicing for its mortgage claim.
  (B) one-half of the net proceeds to Mr. Lewis.
  (C) the remainder to the bankruptcy estate.

  7. All other terms of the sale shall be consistent with the Purchase and Sale Agreement attached hereto as Exhibit A, including but not limited to the conveyance of the Property by the Trustee shall be by a trustee's quitclaim deed with no warranties or covenants of any kind or nature.

  WHEREFORE, the Chapter 7 Trustee requests that he be granted leave as requested and that the Order filed herewith be entered.

Dated: May 2, 2013

/s/ Michael S. Haenn
Michael S. Haenn
Chapter 7 Trustee
88 Hammond Street
P. O. Box 915
Bangor, Maine  04402-0915
michael.haenn@7trustee.net

EXHIBIT A

# PURCHASE AND SALE AGREEMENT
("days" means business days unless otherwise noted, see paragraph 23)

Offer Date: __April 22__, 2013    Effective Date: __April 24, 2013__
(Effective Date is defined in Paragraph 23 of this Agreement.)

1. PARTIES: This Agreement is made between __Danielle Fogarty__ ("Buyer") and __Alton W Lewis / Michael Haenn, Trustee Ch 7 of Ann King (#12-11304)__ ("Seller").

2. DESCRIPTION: Subject to the terms and conditions hereinafter set forth, Seller agrees to sell and Buyer agrees to buy ( [X] all [ ] part of; If "part of" see para. 26 for explanation) the property situated in municipality of __Warren__, County of __Knox__, State of Maine, located at __575 Bunker Hill Road__ and described in deed(s) recorded at said County's Registry of Deeds Book(s) __1383__, Page(s) __168__.

3. FIXTURES: The Buyer and Seller agree that all fixtures, including but not limited to existing storm and screen windows, shades and/or blinds, shutters, curtain rods, built-in appliances, heating sources/systems including gas and/or kerosene-fired heaters and wood/pellet stoves, sump pump and electrical fixtures are included with the sale except for the following: __none__

Seller represents that all mechanical components of fixtures will be operational at the time of closing except: __all__

4. PERSONAL PROPERTY: The following items of personal property as viewed on __April 16, 2013__ are included with the sale at no additional cost, in "as is" condition with no warranties: __Range, refrigerator, dishwasher, gas stove in living room, Pool,__

5. PURCHASE PRICE/EARNEST MONEY: For such Deed and conveyance Buyer agrees to pay the total purchase price of $ __70,000.00__. Buyer [X] has delivered; or [ ] will deliver to the Agency within _____ days of the Offer Date, a deposit of earnest money in the amount $ __500.00__. If said deposit is to be delivered after the submission of this offer and is not delivered by the above deadline, this offer shall be void and any attempted acceptance of this offer in reliance on the deposit being delivered will not result in a binding contract. Buyer agrees that an additional deposit of earnest money in the amount of $ __n/a__ will be delivered __n/a__. Failure by Buyer to deliver this additional deposit in compliance with the above terms shall constitute a default under this Agreement. The remainder of the purchase price shall be paid by wire, certified, cashier's or trust account check upon delivery of the Deed.

This Purchase and Sale Agreement is subject to the following conditions:

6. ESCROW AGENT/ACCEPTANCE: __Coldwell Banker Soundvest Properties__ ("Agency") shall hold said earnest money and act as escrow agent until closing; this offer shall be valid until __April 26, 2013__ (date) __5:00__ [ ] AM [X] PM; and, in the event of non-acceptance, this earnest money shall be returned promptly to Buyer. In the event that the Agency is made a party to any lawsuit by virtue of acting as escrow agent, Agency shall be entitled to recover reasonable attorney's fees and costs which shall be assessed as court costs in favor of the prevailing party.

7. TITLE AND CLOSING: A deed, conveying good and merchantable title in accordance with the Standards of Title adopted by the Maine Bar Association shall be delivered to Buyer and this transaction shall be closed and Buyer shall pay the balance due and execute all necessary papers on __June 21, 2013__ (closing date) or before, if agreed in writing by both parties. If Seller is unable to convey in accordance with the provisions of this paragraph, then Seller shall have a reasonable time period, not to exceed 30 calendar days, from the time Seller is notified of the defect, unless otherwise agreed to in writing by both Buyer and Seller, to remedy the title. Seller hereby agrees to make a good-faith effort to cure any title defect during such period. If, at the later of the closing date set forth above or the expiration of such reasonable time period, Seller is unable to remedy the title, Buyer may close and accept the deed with the title defect or this Agreement shall become null and void in which case the parties shall be relieved of any further obligations hereunder and any earnest money shall be returned to the Buyer.

8. DEED: The property shall be conveyed by a __See Paragraph 26__ deed, and shall be free and clear of all encumbrances except covenants, conditions, easements and restrictions of record which do not materially and adversely affect the continued current use of the property.

9. POSSESSION, OCCUPANCY, AND CONDITION: Unless otherwise agreed in writing, possession and occupancy of premises, free of tenants and occupants, shall be given to Buyer immediately at closing. Said premises shall then be broom clean, free of all possessions and debris, and in substantially the same condition as at present, excepting reasonable use and wear. Buyer shall have the right to view the property within 24 hours prior to closing.

January 2013    Page 1 of 4 - P&S    Buyer(s) Initials: _DF_    Seller(s) Initials: _MH_ _AWL_

Coldwell Banker SoundVest Prop 147 Park St Rockland, ME 4841    Phone: (207)691-0113    Fax:    Fogarty
Bobbi Emery-Starr    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com

10. RISK OF LOSS, DAMAGE, DESTRUCTION AND INSURANCE: Prior to closing, risk of loss, damage, or destruction of premises shall be assumed solely by the Seller. Seller shall keep the premises insured against fire and other extended casualty risks prior to closing. If the premises are damaged or destroyed prior to closing, Buyer may either terminate this Agreement and be refunded the earnest money, or close this transaction and accept the premises "as-is" together with an assignment of the insurance proceeds relating thereto.

11. FUEL/UTILITIES/PRORATIONS: Fuel remaining in tank on day of closing shall be paid by Buyer at cash price as of date of closing of company that last delivered the fuel. Metered utilities such as electricity, water and sewer will be paid through the date of closing by Seller. The following items, where applicable, shall be prorated as of the date of closing: collected rent, association fees, (other) __n/a_____. The day of closing is counted as a Seller day. Real estate taxes shall be prorated as of the date of closing (based on municipality's fiscal year). Seller is responsible for any unpaid taxes for prior years. If the amount of said taxes is not known at the time of closing, they shall be apportioned on the basis of the taxes assessed for the preceding year with a reapportionment as soon as the new tax rate and valuation can be ascertained, which latter provision shall survive closing. Buyer and Seller will each pay their transfer tax as required by State of Maine.

12. DUE DILIGENCE: Neither Seller nor Licensee makes any warranties regarding the condition, permitted use or value of Sellers' real or personal property, or any representations as to compliance with any federal, state or municipal codes, including, but not limited to, fire, life safety, electrical and plumbing. Buyer is encouraged to seek information from professionals regarding any specific issue or concern. This Agreement is subject to the following investigations, with results being satisfactory to Buyer:

| TYPE OF INVESTIGATION | YES | NO | RESULTS REPORTED TO SELLER | TYPE OF INVESTIGATION | YES | NO | RESULTS REPORTED TO SELLER |
|---|---|---|---|---|---|---|---|
| a. General Building | X | | Within 10 days | n. Arsenic Treated Wood | | X | Within ____ days |
| b. Sewage Disposal | X | | Within 10 days | o. Pests | | X | Within ____ days |
| c. Coastal shoreland septic | | X | Within ____ days | p. Code Conformance | | X | Within ____ days |
| d. Water Quality | X | | Within 10 days | q. Insurance | X | | Within 10 days |
| e. Water Quantity | | X | Within ____ days | r. Environmental Scan | | X | Within ____ days |
| f. Air Quality | | X | Within ____ days | s. Lot size/acreage | | X | Within ____ days |
| g. Square Footage | | X | Within ____ days | t. Survey/MLI | | X | Within ____ days |
| h. Pool | | X | Within ____ days | u. Zoning | | X | Within ____ days |
| i. Energy Audit | | X | Within ____ days | v. Farmland Adjacency | | X | Within ____ days |
| j. Chimney | | X | Within ____ days | w. Habitat Review/Waterfowl | | X | Within ____ days |
| k. Smoke/CO detectors | | X | Within ____ days | x. Flood Plain | | X | Within ____ days |
| l. Mold | | X | Within ____ days | y. Other _____ | | X | Within ____ days |
| m. Lead Paint | | X | Within ____ days | | | | |

All investigations will be done by persons chosen and paid for by Buyer in Buyer's sole discretion. If the result of any investigation or other condition specified herein is unsatisfactory to Buyer, Buyer will declare the Agreement null and void by notifying Seller in writing within the specified number of days, and any earnest money shall be returned to Buyer. If the result of any investigation or other condition specified herein is unsatisfactory to Buyer in Buyer's sole discretion, and Buyer wishes to pursue remedies other than voiding the Agreement, Buyer must do so to full resolution within the time period set forth above; otherwise this contingency is waived. If Buyer does not notify Seller that an investigation is unsatisfactory within the time period set forth above, this contingency is waived by Buyer. In the absence of investigation(s) mentioned above, Buyer is relying completely upon Buyer's own opinion as to the condition of the property.

13. PROPERTY DISCLOSURE FORM: Buyer acknowledges receipt of Seller's Property Disclosure Form and the information developed by the Maine Center for Disease Control and Prevention regarding arsenic in private water supplies and arsenic in treated wood.

14. FINANCING: This Agreement [X] is [ ] is not subject to Financing. If subject to Financing:
   a. This Agreement is subject to Buyer obtaining a __Down East Conventional__ loan of __80.000__ % of the purchase price, at an interest rate not to exceed __3.907__ % and amortized over a period of __30__ years. Buyer is under a good faith obligation to seek and obtain financing on these terms.
   b. Buyer to provide Seller with letter from lender showing that Buyer has made application for loan specified in (a) and, subject to verification of information, is qualified for the loan requested within __10__ days from the Effective Date of the Agreement. If Buyer fails to provide Seller with such letter within said time period, Seller may terminate this Agreement and the earnest money shall be returned to Buyer.
   c. Buyer hereby authorizes, instructs and directs its lender to communicate the status of the Buyer's loan application to Seller, Seller's licensee or Buyer's licensee.
   d. After (b) is met, Buyer is obligated to notify Seller in writing if a lender notifies Buyer that it is unable or unwilling to provide said financing. Any failure by Buyer to notify Seller within two days of receipt by Buyer of such notice from a lender shall be a default under this Agreement.
   e. Buyer agrees to pay no more than __1__ points. Seller agrees to pay up to $ __0_____ toward Buyer's actual pre-paids, points and/or closing costs, but no more than allowable by Buyer's lender.
   f. Buyer's ability to obtain financing [ ] is [X] is not subject to the sale of another property. See addendum Yes [ ] No [X].
   g. Buyer may choose to pay cash instead of obtaining financing. If so, Buyer shall notify Seller in writing including providing proof of funds and the Agreement shall no longer be subject to financing, and Seller's right to terminate pursuant to the provisions of this paragraph shall be void.

15. BROKERAGE DISCLOSURE: Buyer and Seller acknowledge they have been advised of the following relationships:

___Doug Erickson___ (_____) of ___Coldwell Banker SoundVest Properties___ (___1440___)
    Licensee         MLS ID                        Agency                      MLS ID
is a [X] Seller Agent [ ] Buyer Agent [ ] Disc Dual Agent [ ] Transaction Broker

___Bobbi Emery-Starr___ (___008587___) of ___Coldwell Banker SoundVest Properties___ (___1440___)
    Licensee         MLS ID                        Agency                      MLS ID
is a [ ] Seller Agent [X] Buyer Agent [ ] Disc Dual Agent [ ] Transaction Broker

If this transaction involves Disclosed Dual Agency, the Buyer and Seller acknowledge the limited fiduciary duties of the agents and hereby consent to this arrangement. In addition, the Buyer and Seller acknowledge prior receipt and signing of a Disclosed Dual Agency Consent Agreement.

16. DEFAULT/RETURN OF EARNEST MONEY: In the event of default by the Buyer, Seller may employ all legal and equitable remedies, including without limitation, termination of this Agreement and forfeiture by Buyer of the earnest money. In the event of a default by Seller, Buyer may employ all legal and equitable remedies, including without limitation, termination of this Agreement and return to Buyer of the earnest money. Agency acting as escrow agent has the option to require written releases from both parties prior to disbursing the earnest money to either Buyer or Seller.

17. MEDIATION: Earnest money disputes subject to the jurisdiction of small claims court will be handled in that forum. For all other disputes or claims arising out of or relating to this Agreement or the property addressed in this Agreement shall be submitted to mediation in accordance with the Maine Residential Real Estate Mediation Rules. Buyer and Seller are bound to mediate in good faith and pay their respective mediation fees. If a party does not agree first to go to mediation, then that party will be liable for the other party's legal fees in any subsequent litigation regarding that same matter in which the party who refused to go to mediation loses in that subsequent litigation. This clause shall survive the closing of the transaction.

18. PRIOR STATEMENTS: Any representations, statements and agreements are not valid unless contained herein. This Agreement completely expresses the obligations of the parties.

19. HEIRS/ASSIGNS: This Agreement shall extend to and be obligatory upon heirs, personal representatives, successors, and assigns of the Seller and the assigns of the Buyer.

20. COUNTERPARTS: This Agreement may be signed on any number of identical counterparts with the same binding effect as if the signatures were on one instrument. Original or faxed or other electronically transmitted signatures are binding.

21. SHORELAND ZONE SEPTIC SYSTEM: Seller represents that the property [ ] does [X] does not contain a septic system within the Shoreland Zone. If the property does contain a septic system located in the Shoreland Zone, Seller agrees to provide certification at closing indicating whether the system has/has not malfunctioned within 180 calendar days prior to closing.

22. NOTICE: Any notice, communication or document delivery requirements hereunder may be satisfied by providing the required notice, communication or documentation to the party or their licensee. Withdrawals of offers and counteroffers will be effective upon communication, verbally or in writing.

23. EFFECTIVE DATE/BUSINESS DAYS: This Agreement is a binding contract when signed by both Buyer and Seller and when that fact has been communicated which shall be the Effective Date. Licensee is authorized to fill in the Effective Date on Page 1 hereof. Except as expressly set forth to the contrary, the use of the term "days" in this Agreement, including all addenda made a part hereof, shall mean business days defined as excluding Saturdays, Sundays and any observed Maine State/Federal holidays. Deadlines in this Agreement, including all addenda, expressed as "within x days" shall be counted from the Effective Date, unless another starting date is expressly set forth, beginning with the first day after the Effective Date, or such other established starting date, and ending at 5:00 p.m. Eastern Time on the last day counted. Unless expressly stated to the contrary, deadlines in this Agreement, including all addenda, expressed as a specific date shall end at 5:00 p.m. Eastern Time on such date.

24. CONFIDENTIALITY: Buyer and Seller authorize the disclosure of the information herein to the real estate licensees, attorneys, lenders, appraisers, inspectors, investigators and others involved in the transaction necessary for the purpose of closing this transaction. Buyer and Seller authorize the lender and/or closing agent preparing the closing statement to release a copy of the closing statement to the parties and their licensees prior to, at and after the closing.

25. ADDENDA:    Lead Paint - [ ] Yes [X] No ;   Other - [ ] Yes [X] No
Explain: _____
The Property Disclosure Form is not an addendum and not part of this Agreement.

26. OTHER CONDITIONS: Buyer is aware and acknowleges that Seller "Michael S. Haenn, Trustee for Ch 7 Bk of Ann King(#12-11304)" will provide buyer with a Quit Claim Deed w/out warranties for their undivided 1/2 interest in subject property and that Seller Alton Lewis will be providing Buyer with a warranty deed for his 1/2 undivided interest in the subject property.

January 2013        Page 3 of 4 - P&S    Buyer(s) Initials _____ _____    Seller(s) Initials _____ _____

27. GENERAL PROVISIONS:
   a. A copy of this Agreement is to be received by all parties and, by signature, receipt of a copy is hereby acknowledged. If not fully understood, contact an attorney. This is a Maine contract and shall be construed according to the laws of Maine.
   b. Seller acknowledges that State of Maine law requires buyers of property owned by non-resident sellers to withhold a prepayment of capital gains tax unless a waiver has been obtained by Seller from the State of Maine Revenue Services.
   c. Buyer and Seller acknowledge that under Maine law payment of property taxes is the legal responsibility of the person who owns the property on April 1, even if the property is sold before payment is due. If any part of the taxes is not paid when due, the lien will be filed in the name of the owner as of April 1 which could have a negative impact on their credit rating. Buyer and Seller shall agree at closing on their respective obligations regarding actual payment of taxes after closing. Buyer and Seller should make sure they understand their obligations agreed to at closing and what may happen if taxes are not paid as agreed.
   d. Buyer acknowledges that Maine law requires continuing interest in the property and any back up offers to be communicated by the listing agent to the Seller.

Buyer's Mailing address is __18 State St. Rockland, Me 04841__.

__Danielle Fogarty__  __4/22/2013__
BUYER                            DATE            BUYER                            DATE
Danielle Fogarty

Seller accepts the offer and agrees to deliver the above-described property at the price and upon the terms and conditions set forth and agrees to pay agency a commission for services as specified in the listing agreement.

Seller's Mailing address is _____.

__Alton W Lewis__                                                    __4/24/13__
SELLER Alton W Lewis / Michael Haenn   DATE   SELLER Trustee Ch 7 of Ann King   DATE
                    **COUNTER-OFFER**    (Case #12-11304)

Seller agrees to sell on the terms and conditions as detailed herein with the following changes and/or conditions:


The parties acknowledge that until signed by Buyer, Seller's signature constitutes only an offer to sell on the above terms and the offer will expire unless accepted by Buyer's signature with communication of such signature to Seller by (date) _____
(time) _____ ____ AM ____ PM.

SELLER                            DATE            SELLER                            DATE

The Buyer hereby accepts the counter offer set forth above.

BUYER                            DATE            BUYER                            DATE

**EXTENSION**
The closing date of this Agreement is extended until _____.
                                                                DATE

SELLER                            DATE            SELLER                            DATE

BUYER                            DATE            BUYER                            DATE



Maine Association of REALTORS®/Copyright © 2013.
All Rights Reserved. Revised January 2013.
REALTOR®
                    Page 4 of 4 - P&S
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com



Fogarty

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:                          )
                                )
ANN L. KING,                    )   Case No. 12-11304
                                )       Chapter 7
        Debtor                  )

## NOTICE OF MOTION AND HEARING

**PLEASE TAKE NOTICE THAT**, pursuant to 11 U.S.C. §§ 105, 363, Fed.R.Bankr.P 2002, 6004, and 9013, and D.Me.LBR 2002-1(a)(1), 6004-1, and 9013-1(a), Michael S. Haenn, Chapter 7 Trustee ("the Trustee"), intends to sell the estate's interest in real property situated generally at 575 Bunker Hill Road in Warren, Maine, and more particularly described in a deed of Mark P. Colson et al. to Alton W. Lewis and Ann Lewis (n/k/a Ann L. King) dated October 4, 1989 and recorded in the Knox Registry of Deeds in Vol. 1383, Page 168 ("the Property").

The sale of the Property by the Trustee shall be free and clear of all liens, claims, and interests, with all such liens, claims, and interests attaching to the net sale proceeds in the order of priority, with the same validity, force, and effect as may now exist, against the estate's interest in the Property, subject to all available rights, remedies, claims, defenses, offsets, demands, causes of action, and objections. The Trustee is not aware of any valid liens, claims or encumbrances against the Property other than the mortgage lien of Green Tree Servicing.

Any objections to the proposed Trustee's sale must be made in writing on or before May 28, 2013, and be filed with the U.S. Bankruptcy Court at 202 Harlow Street, 3rd Floor, Bangor, ME 04401, with a copy to the Trustee at: Michael S. Haenn, Chapter 7 Trustee, P.O. Box 915, Bangor, ME 04402-0915, and received by the Trustee on or before May 28, 2013.

You may attend the hearing on the Trustee's Motion to Sell Property Free and Clear of Liens, Claims, and Interests, which hearing will be held if any objections to the motion are filed on a timely basis, which will be held on June 13, 2013 at 10:00 a.m., at the U.S. Bankruptcy Court, 202 Harlow Street, 3rd Floor, Bangor, Maine 04401. The hearing may be postponed or rescheduled from time to time without further notice except as may be provided at the hearing.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

  Absent a timely written objection, the Trustee's sale may be approved by the Bankruptcy Court without further notice or hearing.

Dated: May 2, 2013       /s/ Michael S. Haenn
               Michael S. Haenn
               Chapter 7 Trustee
               88 Hammond Street
               P. O. Box 915
               Bangor, Maine 04402-0915

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re: )
)
ANN L. KING, ) Case No. 12-11304
) Chapter 7
    Debtor )

### CERTIFICATE OF SERVICE

I, Michael S. Haenn, Chapter 7 Trustee, do hereby certify that I have this same date served a true and correct copy of the Motion to Sell Property Free and Clear of Liens, Claims and Interests, Notice of Motion and Hearing and proposed Order dated May 2, 2013 and proposed form of Order, on each of the parties and at the addresses set forth hereinbelow via first-class mail and properly sealed, stamped and addressed:

U.S. Trustee                     served electronically
                                       ustpregion01.po.ecf@usdoj.gov

Melissa Reynolds, Esq.      served electronically
Debtor's Counsel            melissa@midcoast.com

Ann L. King
1209 Wagner Bridge Road
Waldboro, ME 04572

Alton W. Lewis
575 Bunker Hill Road
Warren, ME 04864

Douglas Erickson
Coldwell Banker Soundvest Properties
147 Park Street
Rockland, ME 04841

| | | |
|---|---|---|
| Allied Interstate/Walmart<br>Legal Dept/Bankruptcy<br>P.O. Box 530927<br>Atlanta, GA 30353-0927 | Alliance One Receivables Management<br>Legal Dept/Bankruptcy<br>4850 Street Road, Suite 300<br>Trevose, PA 19053-6643 | Allied Interstate/JCPenney<br>Legal Dept/Bankruptcy<br>P.O. Box 960001<br>Orlando, FL 32896-0001 |
| Allied Interstate/Lowe's<br>Legal Dept/Bankruptcy<br>P.O. Box 530914<br>Atlanta, GA 30353-0914 | Allstate Insurance<br>Attn: Bankruptcy<br>P.O. Box 12055<br>Roanoke, VA 24022-2055 | Capital One/Best Buy / Big Lots<br>P.O. Box 5253<br>Carol Stream, IL 60197-5253 |
| Capital One, N.A.<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road,<br>Suite #200<br>Tucson, AZ 85712-1083 | Chase<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 | Citgo Oil / Citibank<br>Citicorp Credit Services<br>Attn: Centraliz<br>P.O. Box 20363<br>Kansas City, MO 64195-0363 |

Dermpath New England
Lockbox 1842
P.O. Box 8500
Philadelphia, PA 19178-8500

Ford Credit
P.O. Box 6275
Deerborn, MI 48121-6275

GECRB/Walmart
P.O. Box 965022
Orlando, FL 32896-5022

HSBC
Legal Dept/Bankruptcy
P.O. Box 4144
Carol Stream, IL 60197-4144

Maine Health
301C US Route 1
Scarborough, ME 04074-9701

NCC Business Services
P.O. Box 24739
Jacksonville, FL 32241-4739

Northland Group, Inc.
Legal Dept/Bankruptcy
P.O. Box 390905
Minneapolis, MN 55439-0905

Penobscot Bay Medical Center
Legal Dept/Bankruptcy
4 White Street
Rockland, ME 04841-2953

Sunoco/CITI
Attention: Bankruptcy
7920 Nw 110th Street
Kansas City, MO 64153-1270

WFNB/Cabela's
4800 NW 1st St Ste 300
Lincoln, NE 68521-4463

Exxon/Mobil/ CITI
Attn.: Centralized Bankruptcy
P.O. Box 20507
Kansas City, MO 64195-0507

GECRB/DSG
Attn: Bankruptcy
P.O. Box 530916
Atlanta, GA 30353-0916

GEMB/Walmart
GEMB/JC Penney
Attn: Bankruptcy
P.O. Box 103104
Roswell, GA 30076-9104

HSBC Bank
Legal Dept/Bankruptcy
P.O. Box 5263
Carol Stream, IL 60197-5263

Maine Health
Patient Financial Services
P.O. Box 16021
Lewiston, ME 04243-9501

Nancy Egan, M.D.
Attn: Bankruptcy
14 Maine Street, Box 42
Brunswick, ME 04011-2049

PYOD, LLC its successors and
assigns as assigns
of Citibank, N.A.
Resurgent Capital Services
P.O. Box 19008
Greenville, SC 29602-9008

Sears/CBNA
P.O. Box 6282
Sioux Falls, SD 57117-6282

Town of Warren
167 Western Road
Warren, ME 04864-4279

eCAST Settlement Corporation
P.O. Box 29262
New York NY 10087-9262

Five County Credit Union
765 Washington Street
P.O. Box 598
Bath, ME 04530-0598

GECRB/Lowe's
P.O. Box 965004
Orlando, FL 32896-5004

Green Tree Servicing
P.O. Box 6172
Rapid City, SD 57709-6172

Lowes / MBGA / GEMB
Attention: Bankruptcy
Department
P.O. Box 103104
Roswell, GA 30076-9104

NCB Management Services
P.O. Box 1099
Langhorne, PA 19047-6099

Northland Group, Inc.
Legal Dept/Bankruptcy
P.O. Box 390905 / 6200
Minneapolis, MN 55439-0905

PenBay X-Ray Associates
P.O. Box 1849
Lewiston, ME 04241-1849

Shell Oil / Citibank
Attn.: Centralized Bankruptcy
P.O. Box 20507
Kansas City, MO 64195-0507

Toyota Motor Credit Corporation
P.O. Box 8026
Cedar Rapids, IA 52408-8026


Dated: May 2, 2013

/s/ Michael S. Haenn
Michael S. Haenn
Chapter 7 Trustee
88 Hammond Street, 3rd Floor
P. O. Box 915
Bangor, Maine 04402-0915